IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.  4:05-CR-00057-02-WRW
    4:10-CV-01069-WRW

JOEL RUND

## ORDER

Pending is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 180). The motion is DENIED.

## I. BACKGROUND

On October 19, 2006, Petitioner pled guilty to conspiracy to commit wire fraud.[1] On March 30, 2009, Petitioner was sentenced to 18 months in prison, followed by 3 years supervised release. Petitioner also was directed to pay restitution of $1,740,073.51, joint and severally with his co-defendants.[2] Petitioner appealed the sentence, and the Court of Appeals for the Eighth Circuit affirmed his sentence on May 4, 2010.[3]

## II. DISCUSSION

### A. Double Jeopardy

Defendant asserts that he was subjected to double jeopardy when he was directed "to pay restitution as a part of a criminal case after the conclusion of a Bankruptcy proceeding."[4] Petitioner has provided no law to support his claim, and I've been unable to find any. Accordingly, the claim is without merit.

---

[1] Doc. No. 79.

[2] Doc. No. 163.

[3] Doc. No. 174.

[4] Doc. No. 180.

1

### B.   Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[5] Petitioner must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[6] The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[7] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[8]

Even if a court finds deficient performance of counsel, the petitioner must also establish prejudice.[9] To establish prejudice, a petitioner must demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[10]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.[11]

---

[5] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[6] *Strickland*, 466 U.S. at 690.

[7] *Id.*

[8] *Strickland*, 466 U.S. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[9] *Strickland*, 466 U.S. at 694.

[10] *Id.* (where 'reasonable probability' is "a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[11] *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

Petitioner asserts that his counsel performed deficiently when he failed to "fully litigate the matter of restitution."[12] His claim is without merit.

A sentencing and restitution hearing for all three defendants was held on February 20, 2009. Three days before the hearing, Petitioner filed a "Notice to Court of Inability to Travel From San Diego, California to Little Rock, Arkansas."[13] The notice was quashed the next day, and Petitioner was directed to attend his sentencing hearing.[14] However, Petitioner failed to attend the February 20, 2009 hearing.

After some discussion with counsel, I determined that the restitution issue would be litigated, and that if Petitioner wanted to supplement at a later date, he'd be free to do so. Petitioner's counsel participated in the proceedings -- in fact, Petitioner's counsel even called a witness to the stand. The Court of Appeals for the Eighth Circuit noted:

> Rund's counsel did not present any evidence to counter the figures ADFA presented, but merely joined in another attorney's argument that ADFA used an improper methodology in its calculation . . . During Rund's sentencing hearing, Rund's counsel re-entered a continuing objection to the $1,740,073.51 restitution figure the district court had adopted, despite Rund's counsel's statements that he would not relitigate the total amount of restitution owed, and Rund's stipulation that the amount of loss caused by his offense was more than $1,000,000 and less than $2,500,000.[15]

Ultimately, the Eight Circuit determined that based on the evidence, the restitution amount was a "fair and adequate representation" of the amount of loss.[16]

---

[12] Doc. No. 180.

[13] Doc. No. 118.

[14] Doc. No. 119.

[15] Doc. No. 174.

[16] *Id.*

Petitioner now complains that he was provided ineffective assistance of counsel because his lawyer failed to relitigate the restitution amount at the sentencing hearing; but there was nothing to relitigate. Furthermore, Petitioner's counsel preserved his objection on the restitution issues and presented them on appeal. Based on the record, it cannot be said that counsel performed deficiently.

**C.    Constitutionality of 18 U.S.C. § 3231**

Petitioner's assertion that 18 U.S.C. § 3231, which pertains to original jurisdiction, is unconstitutional is without merit.[17]

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 180) is DENIED. The motion to proceed *in forma pauperis* (Doc. No. 181) is DENIED as MOOT.

IT IS SO ORDERED this 30th day of July, 2010.

/s/ Wm. R. Wilson, Jr.\
UNITED STATES DISTRICT JUDGE

---

[17] See *Gaines v. Warden, FCC Coleman-USP-1*, No. 09-14071, 2010 WL 2036519 (11th Cir. May 25, 2010); *Johnson v. Levi*, 284 Fed. Appx. 987 (3d Cir. 2008); *U.S. v. Manfre*, Crim. No. 02-20024, 2009 WL 160312 (W.D. Ark. Jan. 21, 2009).